**Russell TURNER Plaintiff–Appellant,**

v.

**TURRIS COAL COMPANY Defendant–Appellee.**

No. 01–3570.

United States Court of Appeals, Seventh Circuit.

Argued May 22, 2002.

Decided June 13, 2002.

Before POSNER, KANNE, and WILLIAMS, Circuit Judges.

ORDER

Plaintiff Russell Turner sued his employer, Turris Coal Company, for failing to accommodate his physical disabilities pursuant to the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12112(a). The district court granted summary judgment to Turris, finding that Turner failed to prove an element of his prima facie case—that he was a "qualified individual

with a disability." Turner appeals, and we affirm.

The facts here are not in serious dispute. For most of his twenty-year career at Turris, Turner worked as a mining technician. Mining technicians at Turris are chiefly responsible for the arduous work of processing coal (shoveling, unearthing, and the like) and are also required to meet essential physical requirements regardless of the percentage of time they spend doing non-mining activities. In the mid 1980's, Turner was the victim of an underground mining accident that permanently injured his back, colon, kidneys, and pelvic bone. To continue working at Turris, he required accommodation, which Turris provided. Some time after suffering his injury, Turner opted to transfer to full time work as a mining technician in Turris's coal testing laboratory. The coal testing laboratory monitored the quality of coal and ensured that it complied with the company's contracts with outside vendors. Turner's arrangement continued for many years but required that Turner occasionally work in the coal plant or other areas when needed.

During Turner's tenure in the laboratory, Turris made the first of several cost-cutting decisions. One such decision was Turris's creation of the "process associate" position, which paid less than Turner's mining technician job but required much less manual labor. Turner sought the process associate position and worked in that capacity between 1994 and 1997. After several years of working as a process associate exclusively in the laboratory, Turner requested, and was granted, a transfer back to the coal processing plant as a mining technician.[1] Soon after this switch, Turner claimed short-term medical disability due to a recent operation. When he returned to work several months later, he

asked to go back to work as a mining technician. Yet, within days of his reintegration into the coal plant unit, Turner presented Turris with a new doctor's note that contained severe and permanent restrictions on his ability to lift, shovel, or climb stairs.

Turner's note and changed circumstances left Turris with few options. During 1997, Turris had outsourced the laboratory's processing functions to another company and eliminated the process associate position. Later in 1997, the company partially reconstituted the lab and asked two mining technicians to devote approximately 20% of their combined workweek to laboratory work. This laboratory work was not the same work that Turner had previously engaged in, although some similarities remained. By the time Turner came back to work with his new restrictions, Turris had only mining technician positions available. After Turris determined that Turner could not perform the functions of any mining technician jobs and placed him on extended medical leave, Turner was fired. He filed this suit shortly thereafter.

This appeal presents a straightforward question: can Turner establish a prima facie failure to accommodate claim under the ADA? We substantially agree with the district court's determination that he cannot. Turner says that his ADA claims are twofold: (1) that upon his return to work, Turner was "not restored to the position he held since 1987 as a laboratory technician" or that (2) in the alternative, Turris should have reopened the now-defunct process associate position to accommodate Turner's needs. Cast in either fashion, his claims are ultimately ones of a failure to accommodate. To succeed under either

---

1. Turner's late claims that the reassignment(s) were involuntary are time-barred— not to mention inconsistent with the undisputed record and his testimony.

claim, Turner needs to first establish a prima facie case. To do so, he must first show that: (1) he was disabled; (2) his employer was aware of his disability; and (3) he was a qualified individual who, with or without reasonable accommodation, could perform the essential functions of the employment position. *See McPhaul v. Bd. of Comm'rs of Madison County*, 226 F.3d 558, 563 (7th Cir.2000).

The parties dispute only part (3) of this test—whether Turner was indeed qualified for any open positions at Turris. To determine whether Turner was qualified, we apply a two-step test. *See* 29 C.F.R.App. § 1630.2(m). Because the parties agree that Turner meets the first step of the test, we simply ask, under the second step, whether Turner could perform the essential functions of the position held or desired, with or without reasonable accommodation. *See id.* Turner bears the burden of proof to show that he was a "qualified individual." *DeLuca v. Winer Indus., Inc.*, 53 F.3d 793, 797 (7th Cir.1995). To that end, because Turris only had positions open for mining technicians, Turner has to show that he qualified to be a mining technician because he could have performed the essential functions of that job—with or without accommodation. But, Turner cannot show this here, as we now explain and other cases already make quite clear. *See, e.g., Basith v. Cook County*, 241 F.3d 919 (7th Cir.2001) (discussing the two-step test at length); *Cochrum v. Old Ben Coal Co.*, 102 F.3d 908, 912 (7th Cir.1996) (rejecting failure to accommodate claim of a disabled coal miner).

It is obvious that Turner could not return to his former position. The mining technician job's essential requirements include moving fifty-pound objects, shoveling coal at a rate of 100 pounds per minute, and climbing 412 stairs unaided in case of an emergency. In contrast, Turner's last set of restrictions forbade him from lifting more than fifteen pounds, shoveling coal, and walking up stairs. The parties agree that the essential requirements of the mining technician position cannot be performed by someone with Turner's physical restrictions and that there is no accommodation that would allow such an individual to do the work. Put differently, the undisputed record shows that Turner could not meet the requirements of the mining technician position upon his return—with or without accommodation. *See, e.g., Leisen v. City of Shelbyville*, 153 F.3d 805, 808 (7th Cir.1998).

What remains of his accommodation claim, then? Turner does suggest that we evaluate his claim by also looking to the non-existent process associate position. But, that argument lacks merit for two reasons. First, the evidence that the process associate position did not exist anymore is undisputed. Second, we fail to see why our busy district courts should spend time evaluating an ADA plaintiff's qualifications for a hypothetical and non-existent position. Finally, we reject Turner's suggestion that his employer reassign two part-time employees and create make-shift work to fill his remaining time. *See Eckles v. Consolidated Rail Corp.*, 94 F.3d 1041, 1051 (7th Cir.1996).

We understand that Turner's expectations of long-term employment with Turris were ultimately not met. But the ADA does not require Turris to create new positions solely to accommodate its employees' changed circumstances. That is why the district court properly found that Turner was not a qualified individual under the ADA. In addition, because Turner's only federal claim was dismissed, the district court's decision declining to exercise supplemental jurisdiction over Turner's state

claim was also proper. Accordingly, we AFFIRM.